UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZURI S. YOUNG,

Plaintiff,

v.

J. GODWIN, et al.,

Defendants.

Case No. 1:20-cv-00540-JLT (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION WITHOUT PREJUDICE**

(Doc. 2)

14-DAY DEADLINE

Clerk of the Court to Assign a District Judge

Before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that his application be denied.

## I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice of four of Plaintiff's prior lawsuits that were dismissed because they failed to state a claim on which relief can be granted:[1] (1) *Young v. State of California Attorney General, et al.*, Case No. 2:99-cv-01039-DFL-JFM (E.D. Cal.) (dismissed on October 7, 1999 for failure to state a claim); (2) *Young v. United States Government, et al.*, Case No. 2:02-cv-02940-RT-E (C.D. Cal) (dismissed on October 15, 2002 for failure to state a claim); (3) *Young v. Sumptner, et al.*, Case No. 2:05-cv-03653-CBM-E (C.D. Cal) (dismissed on March 30, 2006 for failure to state a claim and failure to file an amended complaint)[2]; and, (4) *Young v. Voong, et al.*, Case No. 1:17-cv-01671-LJO-SAB (E.D. Cal.) (dismissed on March 7, 2018 for failure to state a claim). All of these cases were dismissed before Plaintiff initiated the current action on April 15, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

In his complaint, Plaintiff alleges that prison officials at Kern Valley State Prison (1) discriminate against Black prisoners, (2) "racially target[] Black[] [prisoners] for violence" by other inmates, (3) conducted an illegal search of Plaintiff's cell, (4) issued a false rules violation report against Plaintiff, and (5) are retaliating against Plaintiff for his litigation activities. (*See* Doc. 1 at 5, 6, 7.) Plaintiff states that "CDCR, … RJD [R.J. Donavan Correctional Facility], LAC [California State Prison, Los Angeles County], CCI, and KVSP have all conspired … to murder [him]," and such "modus operandi … is headed by Ralph M. Diaz, Secretary [of CDCR]." (*Id.* at 7.) Notwithstanding this and other conclusory assertions, Plaintiff does not provide facts that show he is in imminent future danger of serious physical injury. Thus, Plaintiff does not meet the imminent danger exception under section 1915(g).

///

///

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] When a "court dismisses a complaint on the ground that it fails to state a claim, … the court grants leave to amend, and … the plaintiff then fails to file an amended complaint, the dismissal counts as a strike." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

The Clerk of the Court is DIRECTED to assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 16, 2020**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE