UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S. YOUNG,<br><br>             Plaintiff,<br><br>     v.<br><br>J. GODWIN, et al.,<br><br>             Defendants. | No. 1:20-cv-00540-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc. Nos. 2, 5) |

Plaintiff Zuri S. Young is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 16, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be denied because plaintiff has suffered more than three prior "strikes" under 28 U.S.C. § 1915(g). (Doc. No. 5.) The magistrate judge further found that the allegations of plaintiff's complaint fail to show that he is in imminent danger of serious physical injury. (*Id.* at 2.)

Plaintiff filed timely objections on April 27, 2020. (Doc. No. 7.) In his objections, plaintiff contends that the "court can not [sic] rely on statements from other judges and courts," given that the court does not have access the other cases' complaints. (*See id.* at 2.) Plaintiff argues that "the lawsuits were dismissed for other reasons [than failure to state a claim], such as

1 failure to prosecute, not a strike." (*Id.*)  Plaintiff also argues that the imminent danger exception

2 to § 1915(g) should apply because he has sustained "permanent scarring from the weapons used

3 on [him] at CCI Tehachapi on 10-15-19 by Defendants and there [sic] subordinates," and there is

4 a "continued conspiracy to murder [him]."  (*Id.* at 1–2.)

5       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

6 *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

7 objections, the court finds the findings and recommendations to be supported by the record and

8 proper analysis.  As an initial matter, contrary to plaintiff's assertion, courts indeed have access to

9 federal cases' complaints and other case records, and they can take judicial notice of such records,

10 *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), which is what the magistrate judge

11 did in this case.  (Doc. No. 5 at 2.)  The magistrate judge correctly found that three of plaintiff's

12 prior cases have been dismissed for failure to state a claim on which relief can be granted.  (*Id.*)

13 In a fourth case, *Young v. Sumptner*, No. 2:05-cv-03653-CBM-E (C.D. Cal.), the district court

14 dismissed the case for failure to file an amended complaint, after the court had dismissed the

15 original complaint with leave to amend for failure to state a claim.  (*Id.*)  The Ninth Circuit has

16 held that when a "court dismisses a complaint on the ground that it fails to state a claim, . . . the

17 court grants leave to amend, and . . . the plaintiff then fails to file an amended complaint, the

18 dismissal counts as a strike."  *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).  Thus, the

19 dismissal in *Younger v. Sumptner* is appropriately counted as a strike dismissal against plaintiff.

20       Lastly, the court agrees with the magistrate judge's finding that plaintiff's allegations fail

21 to satisfy the imminent danger exception under 28 U.S.C. § 1915(g).  (Doc. No. 5 at 2.)  In his

22 objections, plaintiff's statement that officials are involved in a conspiracy to murder him are

23 conclusory (*See* Doc. No. 7 at 2)  and not supported by any alleged facts.  *See Childs v. Miller*,

24 713 F.3d 1262, 1267 (10th Cir. 2013) (ordering appellee "will be barred from proceeding [*in*

25 *forma pauperis*] in future civil actions or appeals in federal court unless he is 'under imminent

26 danger of serious physical injury,' and he makes 'specific [and] credible allegations' to that

27 effect.")(internal citations omitted).  Furthermore, plaintiff's allegation that he was attacked more

28 than six months before his complaint was filed in this action does not show that he is in imminent

danger of future injury.  (*See id.*)  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("the 'threat or prison condition [must be] real and proximate.'  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed.") (internal citations omitted); *Freeman v. Kernan*, No. 2:17-cv-2233-TLN-AC, 2019 WL 3080740, at *2 (E.D. Cal. July 15, 2019) (recommending plaintiff's request for an exception under 28 U.S.C. § 1915(g) be denied where the alleged injuries occurred approximately four months before plaintiff filed the complaint and therefore could not demonstrate imminent danger), *adopted by* No. 2:17-cv-02233-TLN-AC (E.D. Cal. Sept. 3, 2019) (Doc. No. 11).

Accordingly,

1. The findings and recommendations issued on April 16, 2020 (Doc. No. 5) are adopted in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. This action is dismissed without prejudice to refiling upon prepayment of the filing fee; and,
4. The Clerk of the Court is directed to assign a district judge to this case for the purposes of closure and then to close this case.

IT IS SO ORDERED.

Dated:  **June 26, 2020**

UNITED STATES DISTRICT JUDGE

3