UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S. YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>J. GODWIN, et al.,<br><br>  Defendants. | No. 1:20-cv-00540-DAD-JLT (PC)<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 15) |

    Plaintiff Zuri S. Young is a state prisoner proceeding *pro se* in this closed civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 26, 2020, the undersigned adopted findings and recommendations issued by the assigned magistrate judge, denying plaintiff's motion to proceed *in forma pauperis* and dismissing this action without prejudice. (Doc. No. 9.) The court agreed with the magistrate judge's findings that four of plaintiff's prior cases were dismissed for failure to state a cognizable claim, and that plaintiff's complaint in this action failed to show that he was under imminent danger of serious physical injury. (*Id.* at 2-3.) Plaintiff appealed from that order of dismissal, and his appeal is currently pending before the Ninth Circuit Court of Appeals. (*See* Doc. Nos. 11, 12.)

/////

On August 12, 2020, plaintiff filed a motion for a temporary restraining order. (Doc. No. 15.) Plaintiff argues therein, among other things, that he is entitled to *in forma pauperis* status, that none of his prior cases that were dismissed should have counted as strike dismissals (or been dismissed at all), and that he is under imminent danger of serious physical injury. (*See id.*) Because plaintiff's appeal concerns these very same matters, the court does not have jurisdiction over plaintiff's motion. *See Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988) ("filing of notice of appeal . . . divested the district court of jurisdiction over the matters appealed").

Accordingly,

1. Plaintiff's motion for a temporary restraining order (Doc. No. 15) is denied;
2. This court will not entertain any further motions filed by plaintiff during the pendency of his appeal, unless directed to do so by the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: __**August 18, 2020**__                          _Dale A. Drozd_
                                                        UNITED STATES DISTRICT JUDGE